AARON D. FORD
  Attorney General
ROST C. OLSEN, Bar No. 14410
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1209
E-mail: rolsen@ag.nv.gov

*Attorneys for Defendant*
*Morris Guice*



FILED ✓ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 11 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DUANE TIPTON,

  Plaintiff,

v.

GUICE, et al.,

  Defendants.

Case No. 3:17-cv-00032-RCJ-CLB

ORDER

**DEFENDANT'S MOTION FOR RELIEF FROM ADMISSIONS AND EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Defendant Morris Guice, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Rost C. Olsen, Deputy Attorney General, files his Motion for Relief from Admissions and Extension of Time to Respond to Discovery. This Motion is supported by the following Memorandum of Points and Authorities, as well as all pleadings and papers on file in this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  RELEVANT FACTUAL SUMMARY**

This is a prisoner civil rights action filed under 42 U.S.C. § 1983, brought by Duane Tipton #69967 (Plaintiff), against multiple Defendants for alleged events that took place while he was incarcerated by Nevada Department of Corrections (NDOC) and housed at High Desert State Prison (HDSP) in 2017. (ECF No. 6 at 1.) Pursuant to the Court's Screening Order (ECF No. 5) on Plaintiff's Complaint (ECF No. 6) Plaintiff was allowed to

///

1

proceed on one Eighth Amendment violation for failure to protect against Correctional Officer Morris Guice.

On October 2, 2019, the Attorney General's Office received Plaintiff's First Request for Documents, First Set of Interrogatories to Defendants, and Request for Admissions. At that time, Defendant Guice was absent from work on leave "for the majority of October and November." Ex. A.

Defendant was able to respond to the Request for Documents through Counsel on October 30, 2019. However, upon his return to work, Defendant Guice changed duty stations; furthermore, this matter was recently reassigned to its third Deputy Attorney General (DAG) within the last four months due to a higher-than-usual amount of personnel turnover within the Attorney General's Office. The confluence of these events has led to difficulty in undersigned counsel's office maintaining contact with Defendant Guice to procure his responses to the propounded discovery.

On November 15, 2019, Charles Odgers, the DAG previously assigned to this matter, received a letter from Plaintiff dated November 13, 2019 detailing his concerns as to Defendant's lack of response to his Interrogatories and Request for Admissions; Plaintiff then set an arbitrary deadline of November 18, 2019, five days after the date of the letter, to respond. Ex. B. On November 26, 2019, DAG Odgers mailed a letter to Plaintiff explaining Defendant's prolonged absence from work and the Attorney General's Office's inability to reach Defendant. Ex. A. DAG Odgers then requested a continuance until December 15, 2019 to file responses to the Interrogatories and Request for Admissions. *Id.* DAG Odgers also requested Plaintiff inform the Attorney General's Office if the proposed continuance was not agreeable so that the Office could file a motion to extend response time. *Id.*

However, also on November 26, 2019, Plaintiff filed his Motion to Compel Answers to Interrogatories and Admissions, without receiving or responding to the letter sent by DAG Odgers. ECF No. 47.

///

## II. ARGUMENT

Under Federal Rule of Civil Procedure 36, matters are deemed admitted if the responding party fails to serve a response within 30 days[1] of service of the requests for admissions. *See* Fed. R. Civ. P. 36(a). Whether a responding party can withdraw or amend the admitted matters is within the discretion of the Court. *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (internal citations omitted). A two-prong test is employed in deciding whether to allow relief from admissions: (1) whether upholding the admissions would practically eliminate any presentation of the merits of the case, and (2) whether the party relying on the deemed admissions has shown prejudice. *See id.* at 622. However, the Court may also consider whether the party moving for relief from admissions has demonstrated good cause for the delay. *See Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016) (citing *Conlon*, 474 F.3d at 625).

Here, Defendant was out of work on leave for the majority of the time period in which he had to respond; this led to a breakdown in communication that precluded the Attorney General's Office from being able to reach him. *See* Ex. A. Furthermore, due to personnel changes in the office, this matter has been recently reassigned to the undersigned DAG, who is the third DAG handling this matter in the last four months. The totality of these events give rise to good cause for Defendant's delay in response to the outstanding discovery requests. *See Friedman*, 833 F.3d at 1185.

Accordingly, based upon the foregoing, Defendant moves this Court to grant him:

1. Relief from default admissions to the Request for Admissions propounded by Plaintiff; and
2. An extension of time until December 16, 2019 to respond to Plaintiff's Interrogatories and Request for Admissions.

///

///

///

---

[1] Three additional days are added for service by mail. *See* FED. R. CIV. P. 6(d).

III. **EXHIBITS**

    A. Letter to Plaintiff from DAG Odgers, dated November 26, 2019.

    B. Letter to DAG Odgers from Plaintiff, dated November 13, 2019.

DATED this 10th day of December, 2019.

                              AARON D. FORD
                              Attorney General

                      By:   /s/ Rost C. Olsen
                            ROST C. OLSEN, Bar No. 14410
                            Deputy Attorney General

                            *Attorneys for Defendant*

**IT IS SO ORDERED**

_____
U.S. MAGISTRATE JUDGE

DATED: 12/11/2019

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 10th day of December, 2019, I caused to be served a copy of the foregoing, **DEFENDANT'S MOTION FOR RELIEF FROM ADMISSIONS AND EXTENSION OF TIME TO RESPOND TO DISCOVERY**, by U.S. District Court CM/ECF Electronic Filing to:

Duane Tipton, #69967
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

_____
An employee of the
Office of the Attorney General

# EXHIBIT A

<u>Letter to Plaintiff from DAG Odgers, dated November 26, 2019.</u>

# EXHIBIT A

AARON D. FORD
*Attorney General*

KYLE E.N. GEORGE
*First Assistant Attorney General*

CHRISTINE JONES BRADY
*Second Assistant Attorney General*



STATE OF NEVADA
OFFICE OF THE ATTORNEY GENERAL
100 North Carson Street
Carson City, Nevada 89701

JESSICA L. ADAIR
*Chief of Staff*

RACHEL J. ANDERSON
*General Counsel*

HEIDI PARRY STERN
*Solicitor General*

November 26, 2019

Duane Tipton (#69967)
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419

**Re:  Tipton v. Guice: 3:17-cv-00032-RCJ-CLB**

Dear Mr. Tipton:

I am in receipt of your discovery requests to Mr. Guice and your letter dated November 13, 2019. Please apologize the tardiness of my response. Mr. Guice has been off work for the majority of October and November. I have been unable to reach him due to his absence. Please let this letter serve as my request for a continuance to December 15, 2019 in which to file responses to your discovery requests. As you know, Mr. Guice must review and approve responses to your discovery requests.

If this poses a problem, please advise and I will file the appropriate motion in Court for an enlargement of time in which to respond to your discovery requests.

Thank you in advance for your consideration and professionalism.

Sincerely,

Charles H. Odgers
Deputy Attorney General
(775) 684-1261
codgers@ag.nv.gov

# EXHIBIT B

Letter to DAG Odgers from Plaintiff, dated November 13, 2019.

EXHIBIT B

11/13/19

Dear Charles H. Odgers DAG,    Case No: 3:17-CV-00032-RCJ-CBC

Things with the stuff I sent to you "Request For Admissions", and "Plaintiff's First Set of Interrogtories to Defendent" has been over due the 30 days I had given you and 9 days more. As of November 13,th 2019 I have not received anything from your office or C/o Morris Gwice.

This is very pertinent to my case and for me to ask the important questions at trial. I give you until November 18th 2019 for you to give to me or I will be force to put a motion in with the court to get you to reply.

Dated this 13th Day of November 2019

Respectfully Submitted

Duane Tipton # 69967

## CERTIFICATE OF SERVICE

I Duane Tipton hereby certify that on this 13th day of November 2019, I handed to LCC Library Supervisor Mrs. Bequette, the forgoing: Letter for Admissions and Interrogtories of being late over 30 days, to be mailed to:

Attorney Generals office
Charles H Odgers DAG
100 N. Carson Street
Carson City, NV. 89701

Duane Tipton # 69967
Lovelock Corr. Cntr.
1200 Prison Road
Lovelock, NV. 89419