**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DUANE TIPTON,

                Plaintiff,

v.

GUICE, et al.,

                Defendants.

3:17-cv-00032-RCJ-CLB

**ORDER**

Several motions are currently pending. The court will address each motion in turn.

**ECF No. 95 – Plaintiff's motion for *in camera* submissions**

Plaintiff filed a motion requesting that defendants provide *all* confidential records and investigations to the court for review *in camera* (ECF No. 95). The court has reviewed all exhibits submitted as evidence in relation to defendants' motions for summary judgment and has issued report and recommendation denying both motions (ECF Nos. &4 & 97).

Declarations, affidavits, and exhibits that do not support a motion, a response to a motion, or a reply to a motion may **not** be filed. Exhibits are to be filed only as attachments in support of a motion, a response to a motion, or a reply in support of a motion. Therefore, plaintiff's motion (ECF No. 95) is **DENIED.**

**ECF No. 99 – Plaintiff's motion for appointment of counsel**

This is a civil rights action brought by *pro se* prisoner plaintiff, Duane Tipton. Plaintiff has moved for appointment of counsel (ECF No. 99).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the pro se litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 99) is **DENIED**.

**ECF No. 100 – Motion for status check**

Plaintiff's motion for a status check (ECF No. 100) is **DENIED**. The Court will notify the plaintiff as soon as any action is taken in his case. Due to the large number of civil actions pending before the Court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF CASES. As long as the plaintiff keeps the Court apprised of his current address, he will receive all Court decisions which might affect the status of the case.

**IT IS SO ORDERED.**

**DATED:** January 7, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**